

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 31, 1972

Hon. J. C. Littrell, D.P.M.          Opinion No. M-1185
Secretary
Texas State Board of Podiatry        Re:  Questions relating to
  Examiners                               practice of Podiatry under
P. O. Box 3041                            the Professional Corp. Act
Waco, Texas  76707                        (Art. 1528e, V.C.S.), the
                                          Professional Association
                                          Act (Art. 1528f, V.C.S.),
                                          and Art. 778a, Vernon's
Dear Mr. Littrell:                        Penal Code.

          In your recent letter you requested the opinion of this
office on the following questions:

          "1.  Whether podiatrists may create a pro-
     fessional association under the Texas Professional
     Association Act.

          "2.  Whether all or part of the restrictions
     in Article 778a, Texas Penal Code, have been re-
     pealed by necessary implication by the Texas Pro-
     fessional Corporation Act.

          "3.  Whether or not it is permissible for an
     individual or a partnership to practice under an
     assumed name, either with or without the concurrent
     listing of the individual practitioners in the
     partnership on stationery, announcements, pro-
     fessional cards, office signs, and so forth.

          "4.  Whether the rule promulgated by the
     State Board in 1970 concerning the name which a
     professional corporation of podiatrists may use is
     valid.  In this regard, you will recall that the
     rule reads as follows:  'A Professional Corporation
     organized for the practice of Podiatry shall adopt
     a name consisting of the full or last name and de-
     gree of one or more of the share holders of the
     Corporation followed by "a Professional Corporation",
     "a Prof. Corp.", "Incorporated", "Inc.", "Company",
     or "Co.".'

-5782-

"5.   Whether the State Board, if it so elects, may adopt a rule authorizing a professional corporation of podiatrists to use an assumed name.

"6.   Whether the State Board may establish rules or standards for the assumed name, so as to prevent the use of a name which would constitute advertising or otherwise unethical (conduct)." (Parenthesis ours.)

For legislation effecting a change in terminology, see Article 4567a[1], Vernon's Civil Statutes, which reads as follows:

"Art. 4567a.   Change of name to podiatry

"Section 1.   The name of the Texas State Board of Chiropody Examiners, created by the provisions of Article 4568, Revised Civil Statutes of Texas, 1925, as amended, is changed to the Texas State Board of Podiatry Examiners.  The Texas State Board of Podiatry Examiners has the powers heretofore conferred on the Texas State Board of Chiropody Examiners.

"Sec. 2.   The word chiropody, wherever used in the laws of the State of Texas, shall hereafter be construed to mean podiatry.  The definition of the practice of podiatry is the same as the definition heretofore of the practice of chiropody, as defined in Article 4567, Revised Civil Statutes of Texas, 1925, as amended.

"Sec. 3.   The word chiropodist, wherever used in the laws of the State of Texas, shall hereafter be construed to mean podiatrist, and any person heretofore licensed as a chiropodist shall be referred to as a licensed podiatrist."

---

[1]Acts 60th Leg., R.S. 1967, Ch. 90, p. 181.

Question No. 1

Attorney General's Opinion No. M-551 (1970) holds, in part, as follows:

". . . it is our opinion that after January 1, 1970, the effective date of the Professional Corporation Act, the Professional Association Act applies only to individuals licensed by the Texas State Board of Medical Examiners. Our conclusion follows the fact that after January 1, 1970, any profession except the practice of medicine, can be incorporated and the services can by law be performed by a corporation." (at p. 4, 2629).

The answer to your first question is therefore negative. Podiatrists may not create a professional association under the Texas Professional Association Act.

Question No. 2

The Texas Professional Corporation Act repeals that part of Article 778a, Vernon's Penal Code, which forbids the practice of podiatry under a corporate name. Section 3 of the Texas Professional Corporation Act (Article 1528e, V.C.S.) defines professional service as:

". . . any type of personal service which requires as a condition precedent to the rendering of such service, the obtaining of a license, permit, certificate of registration or other legal authorization, and which prior to the passage of this Act and by reason of law could not be performed by a corporation, . . ." (Emphasis added.)

We are of the opinion that the above language permits podiatrists to form a corporation, provided the actual practice is conducted only by licensed members. We hold that this language expressly repeals that part of Article 778a to the contrary, but no more.

Question No. 3

It is not permissible for individuals to practice podiatry under any assumed name except the proper corporate style; the provisions of Article 778a forbid the practice under any other assumed name.

Question No. 4

The authority given the Board under Article 4568, Vernon's Civil statutes, to adopt all reasonable or necessary rules, regulations, and by-laws is broad enough to authorize the rule set out in this question. The names authorized comply with Article 2.05 of the Texas Business Corporation Act, paragraph A, subdivision (1).

Questions No. 5 and 6

The Texas Professional Corporation Act repeals by implication only that part of Article 778a of the Texas Penal Code that is in conflict with the Professional Corporation Act. Therefore, only that part of Article 778a which forbids practice under a corporate name is repealed. The remaining part of Article 778a would prohibit a rule permitting practice under an assumed name other than the proper corporate style of the corporation.

We note that Section 8 of the Professional Corporation Act reads:

> "A professional corporation may adopt any name <u>that is not contrary to the law or ethics regulating the practice of the professional service rendered</u> through the professional corporation." (Emphasis added.)

We are of the opinion, however, that an assumed name other than the corporate style is unlawful under Article 778a of the Texas Penal Code. We do not think the passage of the Professional Corporation Act repealed the general prohibition against an assumed name in Article 778a, as that is not necessary to the implementation of the Professional Corporation Act. Your fifth and sixth questions are accordingly answered in the negative.

S U M M A R Y

Podiatrists may not create a professional association under the Texas Professional Act (Article 1528f, Vernon's Civil Statutes).

Podiatrists may lawfully create a professional corporation where all shareholders are licensed podiatrists. Article 778a, Texas Penal Code, is repealed by Article 1528e, Vernon's

Civil Statutes, only to the extent that it prohibits formation of this type corporation.

It is not permissible for individuals to practice podiatry under an assumed name other than the proper corporate style of a corporation lawfully organized under the Professional Corporation Act.

The rule set out in Question No. 4 is valid on its face.

Most of Article 778a of the Texas Penal Code is still in force and prohibits the practice of podiatry under any assumed name except the actual corporate style.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bill Flanery
Bill Craig
John Banks
John Reeves

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant